# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSURANCE COMPANY OF THE WEST, a California Corporation,<br><br>                                    Plaintiff,<br><br>        vs.<br><br>RISK PLACEMENT SERVICES, INC. OF LEXINGTON, AS SUCCESSOR IN INTEREST TO EQUITY INSURANCE MANAGERS, INC., an Illinois Corporation; Inclusive,<br><br>                                    Defendant. | CASE NO. 05cv324 DMS (CAB)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT**<br><br>**[Docket No. 46]** |

This matter comes before the Court on Defendant's motion to strike portions of Plaintiff's First Amended Complaint. Defendant filed its motion on July 31, 2006, Plaintiff filed its opposition on September 8, 2006, and Defendant filed its reply on September 15, 2006. On September 12, 2006, the Court found the motion suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Court denies Defendant's motion.

## I.

## BACKGROUND

In January 1998, Plaintiff Insurance Company of the West ("Plaintiff") entered into a General Agency Agreement ("GAA") with Insurance Ventures ("IV") concerning the business of homeowners insurance. Pursuant to the GAA, IV was appointed as Plaintiff's general agent. In that role, IV was

to "collect, receive and receipt" insurance premiums. IV was to hold those premiums in trust until remitting them to Plaintiff. IV was also required to provide Plaintiff with a monthly report listing all transactions processed during the month.

At the same time IV entered the GAA with Plaintiff, it also entered into an Insurance Administration Services Agreement ("IASA") with Defendant Risk Placement Services ("Defendant"). Pursuant to the IASA, IV engaged Defendant as a third-party administrator on the insurance transactions. Among its duties as third-party administrator, Defendant maintained a report of premiums collected under the insurance policies and provided that information to Plaintiff. Defendant also paid IV its commissions, and remitted the net premiums to Plaintiff.

In October 2003, disputes arose between Plaintiff and IV concerning the payment of premiums, payment of losses, and administration of claims under the policies. Eventually, Plaintiff demanded that Defendant remit $100,575.55 in premiums, which Defendant refused to do.

Thereafter, in January 2005, Plaintiff and IV submitted their disputes to arbitration,[1] and Plaintiff commenced this action against Defendant in San Diego Superior Court. In February 2005, Defendant removed the superior court action to this Court. Plaintiff thereafter moved for a temporary restraining order and prejudgment writ of attachment, or in the alternative, for a preliminary injunction, which this Court denied.

Magistrate Judge Adler then held several scheduling conferences with counsel. After an October 19, 2005 conference, Judge Adler issued an order indicating formal discovery would "continue to be stayed" in light of the pending arbitration hearing, which was scheduled to begin on November 29, 2005.

The arbitration commenced on that date, continued on intermittent dates, and concluded on February 27, 2006. On April 7, 2006, the Arbitrator issued his decision, awarding Plaintiff a total of $2,960,844.60.

On May 2, 2006, the Court issued a scheduling order in this case. That order set May 30, 2006, as the deadline to file motions to amend the pleadings, which deadline was extended by stipulation of the parties. Plaintiff then filed a motion for leave to file a First Amended Complaint,

---

[1] Defendant was not a party to the arbitration.

which added two new causes of action for negligence and injunctive relief, additional facts relating to the arbitration, and attached as an exhibit a copy of the arbitration award.  The present motion is directed to the inclusion of facts related to the arbitration in the First Amended Complaint, and the attachment thereto of the arbitration award, in its entirety.

## II.

## DISCUSSION

Federal Rule of Civil Procedure 12(f) enables the court to strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "Because of 'the limited importance of pleadings in federal practice,' motions to strike pursuant to Rule 12(f) are disfavored."  *Estate of Migliaccio v. Midland National Life Ins. Co.*, 436 F.Supp.2d 1095, 1100 (C.D. Cal. 2006) (citing *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996)).  One court has stated that motions to strike must be denied "if any doubt exists whether the allegations in the pleadings might be relevant in the action."  *Montecino v. Spherion Corp.*, 427 F.Supp.2d 965, 967 (C.D. Cal. 2006) (citing *In re 2TheMart.com Inc. Sec. Litig.*, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000)).

In this case, Defendant moves to strike paragraphs 26, 27,[2] 28, 32, 37, 38, 57, 78, 79, 80, 86 and 89, and Exhibit A from the First Amended Complaint.  It asserts these paragraphs and the Exhibit reflect the conclusions of the arbitrator that presided over the arbitration between Plaintiff and IV.  Defendant argues the arbitrator's conclusions are irrelevant to this case, and they are prejudicial.

Defendant's relevancy argument seems to be based on the fact that the arbitrator's conclusions are not binding on Defendant because it was not a party to the arbitration.  This fact, however, does not render the arbitration "immaterial" or "impertinent" to this case.  "Immaterial" or "impertinent" matter is that which "has no essential or important relationship to the claim for relief[,]" or matter that does not "pertain" to the issues in question.  5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 1998).  Here, Defendant had a contractual relationship with IV, a party to the arbitration, to act as a third-party administrator on insurance transactions involving

---

[2] Defendant states it is moving to strike paragraphs 22 and 23 from the First Amended Complaint, (*see* Notice of Mot. at 1-2), but the paragraphs cited are actually paragraphs 26 and 27.  Accordingly, the Court construes Defendant's request as a motion to strike paragraphs 26 and 27, not 22 and 23.

Plaintiff and IV. This relationship is enough to make the arbitration proceedings both material and pertinent to this case.

Even absent the contractual relationship, Defendant's counsel previously informed the Court that the arbitrator's decision was expected to resolve certain issues in this case. (*See* Docket No. 28 at 1-2) (stating "parties expect that the issues in this case pertaining to Plaintiff's entitlement to the approximately $100,000 held in trust by Defendant, or any portion thereof, will be resolved by the arbitrator's ruling[.]") This representation certainly supports a finding that the arbitration proceedings are material and pertinent to this case, and having made that representation to the Court, Defendant may not now assert the arbitration proceedings are irrelevant, immaterial or impertinent to this case. *See Poweragent Inc. v. Electronic Data Systems Corp.*, 358 F.3d 1187, 1192 (9th Cir. 2004) (explaining judicial estoppel precludes a party from gaining an advantage by asserting one position, and then later asserting an inconsistent position in the same dispute).

Defendant's remaining argument is that it will be prejudiced by inclusion of the disputed paragraphs and the Exhibit in the First Amended Complaint.[3] Defendant believes these allegations are an attempt to hold Defendant liable for the arbitrator's conclusions, which is manifestly unjust because Defendant was not a party to the arbitration. It does not appear, however, that Plaintiff is attempting to hold Defendant liable for the arbitration award. Rather, it appears Plaintiff is simply relying on the arbitrator's decision to explain the facts underlying its claims against Defendant. Any asserted prejudice from the inclusion of these allegations in the First Amended Complaint, which the Court notes is not evidence and will not be admitted at time of trial, is non-existent.

### III.

### CONCLUSION

In light of the above, the Court DENIES Defendant's motion to strike portions of Plaintiff's

///

///

///

---

[3] Defendant also claims the inclusion of these paragraphs and the Exhibit violate Federal Rule of Civil Procedure 8(e) because they are not "simple, concise, and direct." Whether the disputed allegations satisfy Rule 8(e), however, does not resolve the separate issue of whether the allegations are subject to strike pursuant to Rule 12(f).

| | |
|---|---|
| 1 | First Amended Complaint. |
| 2 | **IT IS SO ORDERED**. |
| 3 | DATED: September 28, 2006 |

_____
DANA M. SABRAW
United States District Judge

cc:    all parties
       Judge Bencivengo